# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42294

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 528 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARKUS REY ARCHULETA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of seven years with one year determinate for possession of a controlled substance and persistent violator enhancement, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Markus Rey Archuleta appeals from his judgment of conviction for possession of a controlled substance and a persistent violator enhancement, Idaho Code §§ 37-2732(c); 19-2514. Archuleta argues the district court erred by denying his motion for a mistrial and his motion to strike evidence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, a Rite-Aid asset protection associate called the police to report that Archuleta was attempting to fraudulently return merchandise. Police arrived and arrested Archuleta for willful concealment. In February 2014, Archuleta entered Rite-Aid again and accused the associate of calling the police during the January incident. After being asked to

1

leave, Archuleta knocked merchandise to the ground and threw a box of Band-Aids at the associate. Police responded and arrested Archuleta for witness intimidation. The officers searched Archuleta's person pursuant to his arrest and located three pipes that appeared to have white residue on them. Lab reports later confirmed the residue was methamphetamine.

The State charged Archuleta with disturbing the peace, I.C. § 18-6409; possession of paraphernalia, I.C. § 37-2734A; possession of a controlled substance, I.C. § 37-2732(c); and a persistent violator enhancement, I.C. § 19-2514. Prior to trial, the State filed a notice of intent to use evidence pursuant to Idaho Rule of Evidence 404(b), which included evidence of the January incident at Rite-Aid. The district court denied the motion and ordered the associate's testimony be limited to the February incident.

At trial, the Rite-Aid associate testified that on the date in question "I had someone enter the store, approach me in an aisle, called out to me saying, 'Are you the mother f'er that called the cops on me[?]'" Defense counsel objected to the testimony, moved for a mistrial, and in the alternative, asked for the testimony to be stricken, and the jury instructed to disregard it. The district court denied the motion and declined to strike the testimony. At the conclusion of the trial, the jury acquitted Archuleta of disturbing the peace and possession of paraphernalia, but found him guilty of possession of a controlled substance and being a persistent violator. The district court imposed a unified sentence of seven years with one year determinate. Archuleta timely appeals.

## II.

## ANALYSIS

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the

2

incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

Archuleta argues that he was deprived of a fair trial based on the associate's testimony of his prior interaction with Archuleta. During direct examination of the associate, the prosecutor asked the associate what led him to call law enforcement on the date in question. The associate responded that Archuleta had approached him, calling out and saying "Are you the mother f'er that called the cops on me[?]" Defense counsel objected and, outside the presence of the jury, moved for a mistrial, arguing that the associate improperly referenced the prior incident despite the court's order limiting the associate's testimony to the February incident. Alternatively, defense counsel asked for the testimony to be stricken. Though the district court acknowledged that the prior event was not supposed to be referenced, it concluded a mistrial was not necessary. The court also declined to strike the testimony, reasoning that it did not want to highlight the associate's testimony by doing so.

Any potential harm from the associate's statement does not rise to the level that would require a mistrial. Archuleta claims the unfair prejudice was that "the jurors were made aware of the fact [he] had done something which prompted [the associate] to call the police." Therefore, "[t]he jury would conclude that [he] is the kind of guy that regularly breaks the law." He also claims that based on the associate's statement, "the jury would [ ] assume that [he] is a confrontational person who would be willing to provoke a person whom [he] determined had harmed him in the past." On the contrary, as the State argues, the statement did not necessarily convey that Archuleta had done something wrong in the past, nor what it might have been. It may have conveyed that Archuleta and the associate had a disagreement and Archuleta felt he was wrongly accused. To suggest that the statement conveyed a lasting impression that Archuleta broke the law, regularly did so, and was unduly confrontational goes much too far. Indeed, Archuleta's acquittal on the disturbing the peace charge belies this assertion. Therefore, we hold that the associate's statement was not so prejudicial as to require reversal or other curative steps.

Moreover, even if we assume any error by the district court, any error is harmless. Archuleta was acquitted of the disturbing the peace charge and was only convicted of possession

of a controlled substance. Even if the statement conveyed that the police had been called before and that Archuleta was confrontational and somehow a regular law breaker, this bore little or nothing on the question of whether Archuleta possessed a controlled substance on the day in question. Consequently, Archuleta has failed to demonstrate that the district court erred in denying his request for a mistrial or to strike the testimony.

## III.

## CONCLUSION

Archuleta has failed to show reversible error based on the associate's testimony. Accordingly, Archuleta's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.